UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ROSARIO PUNTALORO,

                *Plaintiff*,

-against-

ANDREW SAPIENZA BAKERY, INC.,
PAUL TOLOMEO and JACK TOLOMEO,

                *Defendants.*
_____

CV 09-3206
(JFB)(WDW)

### SETTLEMENT AGREEMENT AND RELEASES

IT IS HEREBY AGREED BY the Plaintiff ROSARIO PUNTALORO and the Defendants ANDREW SAPIENZA BAKERY, INC., PAUL TOLOMEO and JACK TOLOMEO, (the Individual Defendants and Corporate Defendant are collectively known as the "Defendants")(Plaintiff and Defendants are collectively known as the "Parties") that the above-captioned matter is resolved and settled pursuant to this Agreement (the "Agreement"), as follows:

WHEREAS Plaintiff commenced the within action (the "Action") on or about July 24, 2009, asserting claims arising from and related to his employment, including for unpaid wages and overtime;

WHEREAS Defendants deny Plaintiff's allegations;

WHEREAS the Parties are desirous of resolving the present litigation and dispute between them;

NOW THEREFORE, in consideration of the mutual promises contained herein, agree as follows:

1.     Defendants agree to pay the sum of Sixty Thousand Dollars ($60,000.00) as a full

1

and final settlement of this Action (the "Settlement Payments") as follows:

        a.    Concurrently with the execution of this Agreement, Defendants are to deliver to Plaintiff's counsel, David Zevin, Esq., Twenty Thousand Dollars ($20,000.00), payable in two separate checks, one to Plaintiff in the amount of Twelve Thousand Eight Hundred Seventy Dollars and Fifty-Six Cents ($12, 870.56), representing $2,603.69 in wages, less any mandatory deductions pursuant to the Federal Insurance Contributions Act ("FICA"), $3,831.59 in interest, and $6,435.28 in liquidated damages, and one to his counsel, David Zevin, Esq., in the amount of Seven Thousand One Hundred Twenty Nine Dollars and Forty Four Cents ($7,129.44), for which 1099 forms shall be issued.

        b.    The remaining Forty Thousand Dollars ($40,000.00) will be payable in two installments, each of which shall be in the amount of Twenty Thousand Dollars ($20,000.00), each payable in two separate checks, one to Plaintiff in the amount of Twelve Thousand Eight Hundred Seventy Dollars and Fifty-Six Cents ($12, 870.56), representing $2,603.69 in wages, less any mandatory deductions pursuant to the Federal Insurance Contributions Act ("FICA"), $3,831.59 in interest, and $6,435.28 in liquidated damages, and one to his counsel, David Zevin, Esq., in the amount of Seven Thousand One Hundred Twenty Nine Dollars and Forty Four Cents ($7,129.44), the first of which shall be postmarked on or prior to three months from the date the first payment was mailed, and the second of which shall be postmarked on or prior to six months from the date the first payment was mailed, for which 1099 forms shall be issued.

        c.    The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this

paragraph, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties. The Settlement Payments made pursuant to this paragraph cannot be construed as admission of liability regardless of the method of payment.

      d.      The Parties agree that Defendants shall be jointly and severally liable for the Settlement Payments set forth in subparagraphs 1(a) and 1(b).

      e.      In the event the Defendants default in having any of the aforesaid installment payments delivered concurrently with the execution of this Agreement and/or pursuant to the schedule set forth in subparagraph 1(b), then Plaintiff, after a written notice of such default sent in accordance with Paragraph 21, and such default not being cured within a ten (10) business day period, which period shall begin to run upon the hand delivery, overnight mailing, and/or emailing of such notice to the Defendants' counsel, whichever comes first, Plaintiff shall be entitled to apply for a default judgment before the United States District Court for the Eastern District of New York against any and all Defendants without further notice for the accelerated amount of the entire balance remaining, plus $1,000.00 as attorney fees, plus interest calculated from the day of an uncured default.

      f.      Simultaneously with the execution of this Agreement, Plaintiff shall fill out and deliver to Defendants' counsel forms W-4 which will specify all necessary information, including his social security or Tax ID number.

      g.      Plaintiff hereby indemnifies and holds harmless Defendant and/or Defendants, jointly and/or severally, from any and all liability for Plaintiff's taxes, interest and penalties in connection with the settlement payments made pursuant to paragraph 1, except for any liability incurred for any taxes, interest and penalties which Defendant and/or Defendants may be obligated to pay by law.

2. This Action is discontinued with prejudice, without costs to any party against another (except as set forth in Paragraph 1), except that the Parties agree that the United States District Court for the Eastern District of New York shall have continuing jurisdiction over the interpretation and enforcement of the terms of this Agreement.

3. This Agreement and its terms do not constitute an admission of liability by any party and shall not be interpreted to imply an admission of liability by any party.

4. The Plaintiff represents, warrants and agrees that, as of the date this agreement is executed by all parties, he will not, directly or indirectly, use or disclose, or permit or aid the use by or disclosure to any person, firm, entity or corporation, of any confidential information relating to the business affairs of the Defendants ("Confidential Information"), except (i) in direct response to any subpoena served upon the Plaintiff; and (ii) in direct response to a formal request upon the Plaintiff for information, including, without limitation, any tax-related inquiry relating to the payments under this Agreement from any governmental agency or subdivision thereof ("Governmental Request"). In the event that disclosure is sought from the Plaintiff by any such subpoena or Governmental Request, the Plaintiff, unless specifically prohibited by law, shall immediately give written notice of such subpoena or Governmental Request in order to afford the Defendants an opportunity to evaluate their legal rights and take such action as they deem appropriate to protect their interests.

5. The Plaintiff represents, warrants and agrees that the existence of this Agreement, and its terms and conditions and the compromise negotiations that concluded with this Agreement, the within Action, and the events underlying the allegations of the within Action shall be kept and remain strictly confidential except (i) to the extent that disclosure is required by law or regulations of any Governmental Agency, (ii) in connection with disclosure to their

respective spouses and attorney or accountant for purposes of obtaining legal or tax advice, or as otherwise required by law, provided, however, that the parties shall cause their spouse, attorney and accountant to keep such information in the strictest confidence.

6. The provisions of paragraphs 4 and 5 are material and critical terms of this Agreement. The covenants set forth in paragraphs 4 and 5 survive the discharge of the obligations under Paragraph 1 hereof.

7. The Parties agree that no party hereto will make any public or private statements, comments, or communications in any form, oral, written, or electronic, that in any way could constitute libel, slander, or disparagement of any of the Parties, or that may be considered to be derogatory or detrimental to the good name or business reputation of any of the parties.

8. a. In the event that any party or parties breach, violate, fail or refuse to comply with any of the provisions, terms or conditions or any warranties or representations of this Agreement (the "Breach"), including but not limited to paragraphs 4, 5 and 7, the non-breaching party or parties are entitled to recover against the breaching party or parties damages, including costs, expenses and reasonable attorneys' fees to be determined by a court of competent jurisdiction, including appeals and collection proceedings, and statutory interest accruing to the non-breaching party or parties as a consequence of the Breach. The foregoing notwithstanding, attorneys fees for filing an application for a default judgment pursuant to paragraph 1 will be limited by the provisions of said paragraph.

b. In particular, and without limitation, in the event that the Plaintiff violates any provision of paragraphs 4 and 5, the Parties recognize that it would be difficult, if not impossible, to calculate the amount of damages that would accrue to the Defendants. Accordingly, in the event of any proven breach by the Plaintiff of any provision of paragraphs 4

5

and 5, the Defendants shall be entitled to recover from the Plaintiff, as liquidated damages, and not as a penalty, the sum of Fifteen Thousand Dollars ($15,000.00). The foregoing notwithstanding, nothing herein shall be construed to preclude Defendants from proving and recovering actual damages in the event that Plaintiff violates any provision of paragraphs 4 and 5, in which case Plaintiff will receive a credit for the amount of liquidated damages against the amount of actual damages. Regardless of and in addition to any right to damages the non-breaching party or parties may have, the non-breaching party or parties shall be entitled to immediate injunctive relief without the need to post a bond.

    c. In the event that any of the Defendants alleges a breach by the Plaintiff of paragraphs 4 and/or 5, and there is a determination by a trier of fact that no violation of any provisions of paragraph 4 and/or 5 occurred and further, that the corresponding court of competent jurisdiction determines that such allegations of a violation(s) of paragraph 4 and/or 5 were frivolous, then the Plaintiff shall be entitled to recover from the Defendant or Defendants who made such an allegation damages, including costs, expenses and reasonable attorneys' fees, including appeals and collection proceedings to be determined by the Court.

  9. Plaintiff releases and discharges the Defendants, the Defendants' officers, directors, shareholders, agents, attorneys, heirs, executors, administrators, successors, affiliates and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Defendants the Plaintiff and the Plaintiff's heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of

the world to the day of the date of this release. The matters released hereunder include, but are not limited to: (i) any claims that were or could have been asserted in the Action; (ii) any claims arising out of or related to any federal, state and/or local constitution, statute, regulation or rule, including, but not limited to, the Age Discrimination in Employment Act of 1967 ("ADEA"), or under any common law right of any kind whatsoever; (iii) any claims for any kind of tortious conduct or breach of express or implied contract (whether such claims are made as party or third party beneficiary); (iv) any claims or covenants of good faith, wrongful discharge or dismissal, constructive discharge, and failure to pay in whole or part any compensation, minimum wage, overtime compensation, shift pay, severance pay or benefits or payments of any kind whatsoever, including medical benefits and contributions, social security, or other tax or withholdings, back pay, and front pay; and (v) any claims for compensatory, special or consequential damages, punitive or liquidated damages, attorneys' fees, interest costs, disbursements or expenses, or for any other reason or thing.

      10.    The Defendants release and discharge the Plaintiff, the Plaintiff's agents, attorneys, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Plaintiff the Defendants and the Defendants' heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release.

      11.    Except as otherwise set forth in this Agreement, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this

litigation.

12. Nothing contained in the releases provided for herein is intended to prevent any party from enforcing the terms of this Agreement.

13. This Agreement constitutes the entire and only understanding and agreement among the Parties respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

14. This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

15. This Agreement may not be amended, modified or waived, except by a writing signed by all parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the Parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the Parties of any such right or remedy shall preclude other or further exercise thereof.

16. This Agreement will be binding on and will inure to the benefit of the parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

17. This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

18. Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of

this Agreement shall remain in full force and effect.

19. The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Eastern District of New York to enforce the terms of this Agreement.

20. a. The Plaintiff represents and warrants that: (i) he has not brought any other lawsuit and/or administrative action and/or proceeding against Defendants relating to or involving the facts underlying this action or any other matters, and (ii) he has not transferred or assigned to any third party any right or claim, lawsuit and/or administrative action and/or proceeding of any type or kind that he or she had, has or may have against any of the Defendants.

b. Each Defendant represents and warrants that: (i) he has not brought any other lawsuit and/or administrative action and/or proceeding against Plaintiff relating to or involving the facts underlying this action or any other matters, and (ii) he has not transferred or assigned to any third party any obligation of any type or kind that he or she owed, owes or may owe to the Plaintiff.

21. Any notices or requests under this Agreement shall be in writing, sent via hand delivery, overnight mail, and/or  email) to counsel for all parties. Any notice of breach of this Agreement shall state the following information: (a) the specific nature of the breach, including the specific provision of this Agreement claimed to be breached, and (b) the facts relied upon the party giving notice to determine that a breach occurred. Any notices shall be addressed as follows:

a. If to the Plaintiff:

David Zevin, Esq.
55 Cedar Dr.
Roslyn, NY 11576
(Ph) 516-849-5335

9

    (Fax) 206-333-0228
    (Email) Law@ZevinLaw.com

  b.  If to the Defendants:

    Robert Connolly, Esq.
    Bee Ready Fishbein Hatter & Donovan, LLP
    170 Old Country Rd.
    Mineola, NY 11501
    (Ph) 516-746-5599
    (Fax) 516-746-1045
    (Email) [rconnolly@beereadylaw.com](mailto:rconnolly@beereadylaw.com)

  22.  Each Party has read this Agreement or has had it read to him and understands and agrees to the terms thereof. In the case of the Plaintiff, to the extent necessary, this Agreement has been translated into the Italian language to facilitate the reading and understanding of this Agreement. Plaintiff represents that he understands this Agreement.

  23. Each Party acknowledges and affirmatively states that he is represented by competent counsel of his own choosing and is satisfied with their representation regarding this matter, including, but not limited to settlement negotiations and the preparation of this Agreement and further, that the respective Parties has had sufficient time to discuss their respective rights, including, but not limited to the terms and conditions of this Agreement with their respective counsel

  24.  This Agreement is effective when it has been fully-executed by all parties. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

  25.  That in addition to other provisions of this Agreement, as SPECIAL NOTICE FOR WAIVER OF OLDER WORKER PROTECTION CLAIMS, Plaintiff expressly acknowledges that:

  a) He has read this Agreement and General Release.

b)  He understands its contents and has had the opportunity to clarify any and all terms he did not understand *prior* to signing it.

c)  He knows that he is waiving any rights and claims he may have under the Older Workers Benefit Protection Act and the Age Discrimination in Employment Act, as amended.

d)  The settlement amount, or any portion thereof, and the agreements he received from Defendant and/or Defendants are in exchange for and in consideration of this Agreement and not because it is otherwise owed to him or his counsel.

e)  He has 21 days from the date of receipt to consider and sign this Agreement.

f)  In the event Plaintiff signs this document, he has seven (7) days thereafter to revoke it. This Agreement shall not become final and/or legally binding until the conclusion of the seven (7) day revocation period.

g)  Defendants shall have no obligation to make payment under this Agreement until such time as the revocation period expires and Plaintiff does not revoke this Agreement.

h)  Should Plaintiff revoke this Agreement, such revocation must be in writing and received by 5:00 p.m., on or before the seventh (7th) day after he signed it. Written notice must be sent to Defendants' counsel, Robert Connolly, Esq., Bee Ready Fishbein Hatter & Donovan, LLP, 170 Old Country Road, Mineola, New York 11501, or by fax at (516) 746-1045, but for purposes of this revocation provision, phone calls, phone messages (including voice mail) and e-mails shall not constitute proper or valid notice or revocation.

**PLAINTIFF:**
Dated: __10-19-11__, 2011

                                                        **ROSARIO PUNTALORO**

STATE OF NEW YORK
COUNTY OF __Nassau__ ss.:

On the __19__ day of __October__ 2011, before me, the undersigned, a notary public in and for the State of New York, personally appeared Rosario Puntaloro, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

_____
NOTARY PUBLIC

ANA M HERNANDEZ
Notary Public - State of New York
NO. 01HE6244378
Qualified in Queens County
My Commission Expires 01/05/2015

**DEFENDANTS:**

                                                      **ANDREW SAPIENZA BAKERY, INC.**

Dated: _____, 2011

                                          By: _____

                                          Printed Name: _____

                                          Title: _____

STATE OF NEW YORK
COUNTY OF _____ ss.:

On the ___ day of _____ 2011, before me, the undersigned, a notary public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

_____
NOTARY PUBLIC

Dated: _____ \_\_\_\_, 2011

                                                                _____
                                                                      **PAUL TOLOMEO**

STATE OF NEW YORK  
COUNTY OF _____ ss.:

On the \_\_\_ day of _____ 2011, before me, the undersigned, a notary public in and for the State of New York, personally appeared Paul Tolomeo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

_____  
NOTARY PUBLIC


Dated: _____ \_\_\_\_, 2011

                                                                _____
                                                                      **JACK TOLOMEO**

STATE OF NEW YORK  
COUNTY OF _____ ss.:

On the \_\_\_ day of _____ 2011, before me, the undersigned, a notary public in and for the State of New York, personally appeared Jack Tolomeo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

_____  
NOTARY PUBLIC